## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Edwin Diaz
6720 NW 57th Ave
Ocala, FL 34482,

        Plaintiff,

        vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: David D. Shulkin, Secretary
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Mr. Jefferson B. Sessions, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

        Defendant.

_____

    Plaintiff Edwin Diaz, by and through its undersigned attorneys, for its complaint herein, alleges as follows:

## I.    **INTRODUCTION**

    1.    This is an action for judicial review of an improper administrative denial of disability benefits by the United States Air Force to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II.    **JURISDICTION**

2.      Jurisdiction in this action is predicated upon 38 USC 1975, as well as under the

terms of the TSGLI program, as any member who receives an adverse TSGLI decision may

obtain judicial review in any United States District Court of competent jurisdiction at any time

during the administrative review process.

## III.    **VENUE**

3.      Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by

the United States Department of the Air Force.  The Department of the Air Force is one of the

three Military Departments within the Department of Defense of the United States of America,

an executive branch department of the federal government of the United States, under the control

of the President of the United States of America as a part of the executive branch of the federal

government, which is seated in the District of Columbia.

## IV.    **FACTUAL ALLEGATIONS**

4.      All allegations contained in the previous paragraphs are incorporated herein by

reference.

5.      The Servicemembers' Group Life Insurance Traumatic Injury Protection

Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service

members injured as a result of a traumatic event.

6.      TSGLI coverage was added to SGLI policies effective December 1, 2005.  After

December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage,

regardless of where their qualifying traumatic injury occurred.

7.      In addition, a retroactive program covers service members who sustained a

qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation

Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8.      For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9.      The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10.     All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11.     Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/TBI combined with another injury

12.     If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided.   In so doing, a

medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

13.     Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

### a.     Plaintiff's Traumatic Injury and TSGLI Claim

14.     All allegations contained in the previous paragraphs are incorporated herein by reference.

15.     At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Air Force.

16.     In the instant case, Plaintiff sustained traumatic injuries on November 19, 2009, while on active duty in Iraq, when he was crushed by a t-barrier.

17.     As a result of that accident, Plaintiff was seriously injured, suffering cervical and lumbar spinal injuries, which ultimately resulted in the need for surgery. As a result of those traumatic injuries, Plaintiff was unable to reasonably and safely perform certain activities of daily living (ADLs) without assistance for a period of over 90 days.

### b.     Certification by a Medical Professional

18.     All allegations contained in the previous paragraphs are incorporated herein by reference.

19.     In Plaintiff's case, a medical professional, Dr. Peter Holliday, III, certified his individual claim for an inability to independently perform ADLs of bathing and dressing during his recovery for a period of 113 days from February 7, 2011 to May 31, 2011, through a signed Part B form, certifying Plaintiff's qualification for TSGLI benefits.

20.     On or about May 11, 2012, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Peter Holliday, III, and other pertinent medical and documentary evidence.

### c.     Personal Statement of Edwin Diaz

21.     All allegations contained in the previous paragraphs are incorporated herein by reference.

22.     In addition to the other information supplied in the application and appeal process, Plaintiff furnished a personal statement, which outlined the physical assistance he needed following his traumatic injury.  Plaintiff explained in detail how he needed assistance between February 7, 2011 and May 31, 2011 while recovering from his traumatic injuries – and as certified by Dr. Peter Holliday, III. Nonetheless, Defendant effectively disregarded Plaintiff's personal statement, and the certification by Dr. Holliday in its ultimate decision to deny benefits to Plaintiff. Rather, Defendant, without contrary evidence, went out of its way to deny Plaintiff's full benefits claim.

### d.     Denial of Claim and Exhaustion of Administrative Appeals

23.     All allegations contained in the previous paragraphs are incorporated herein by reference.

24.     Plaintiff has received two denials of his TSGLI claim by Defendant during the administrative agency review process.

25.     Plaintiff received a check dated May 11, 2012 for an amount of $25,000 for 30 days of ADL loss, which represented only a partial payment of his full claim for TSGLI benefits of $75,000 for a 90 day ADL loss.

26.    Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated September 4, 2013, indicating that, "Regrettably, I must deny your appeal. We re-examined your claim and additional documents provided with your appeal package. Unfortunately, the medical documentation does not support that you were unable to perform at least two of the six activities of daily living (ADLs) for at least 60 consecutive days."

27.    Plaintiff appealed his claim to Defendant through the Air Force Board for Correction of Military Records.   In a letter dated June 24, 2015, Defendant again denied Plaintiff's claim on the basis that, "Insufficient relevant evidence has been presented to demonstrate the existence of error or injustice. The applicant is requesting award of TSGLI benefits for 90 days instead of 30 days. His assertions that he sustained at least 90 day ADL loss due to his traumatic injury and therefore should be award an additional $50,000 was noted. However, given the TSGLI ADL loss criterion, the vague information about the incident on 19 November 2009, coupled with shared concerns as to whether the applicant's lumbar spine surgery was related to the injuries sustained in November 2009, corrective action is not warranted. We noted the BCMR Medical Consultant's recommendation to grant, however, we disagree. For the reason noted above and absent evidence that relevant standards for providing ADLs loss were misapplied we agree with the opinion and recommendation of the AFPC/DPFC and adopt their rationale as the basis of our conclusion that the applicant has not been the victim of an error or injustice. Therefore, in the absence of evidence to the contrary, we find no basis to recommend granting the relief sought in this application."

28.    Plaintiff subsequently exhausted the administrative appeals available to him, with a denial at each level of appeal.

29.   Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

30.   Further, in this case Defendant's denial of Plaintiff's claim runs contrary to law, the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

31.   Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records.   Defendant also ignored the personal statement of Plaintiff which corroborated Plaintiff's ADL loss claim.

32.   Defendant did not provide justification as to why the greater weight of the evidence did not support Plaintiff's eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not credible; address the personal statement of Plaintiff attesting provision of assistance to Plaintiff during his recovery; or provide reasonable or substantial evidence or medical opinion contradicting Plaintiff's claim for TSGLI benefits.

33.   Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for an additional payment of TSGLI benefits of $50,000 for his inability to safely bathe and dress for a period of over 90 days without assistance.

34.   Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

35.   Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

36.    All allegations contained in the previous paragraphs are incorporated herein by reference.

37.    Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

a.    failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b.    failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c.    addition of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.    an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay, or timely compliance with the Court's order;

b.    an award of interest, costs and attorneys' fees as provided by statute;

c.    an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d.    such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 7, 2017

Jake R. Jagdfeld (#MN0002)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff